**MINI CHAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4220–AG.**

United States Court of Appeals, Second Circuit.

March 28, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Douglas B. Payne, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Assistant United States Attorney, Jane M. Lyons, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Mini Chan, a native and citizen of the People's Republic of China, petitions for review of a July 2004 order of the Board of Immigration Appeals ("BIA") summarily affirming the February 2003 order of an Immigration Judge ("IJ"). The IJ denied her request for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA summarily affirms an IJ decision without opinion, we review the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's factual findings, including any credibility determination, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

Chan asserts a well-founded fear of persecution on account of her affiliation with Falun Gong. In principal part, her claim is based on her testimony that, in July 2001, she was present when other Falun Gong members were arrested by the police and that she was slapped by police in the course of that incident. Chan also claimed that, around this time, the police were searching for her to arrest her, causing her to flee China.

The IJ's finding that Chan could not establish a well-founded fear of persecution on account of political opinion or religion is supported by substantial evidence. The IJ properly found that there was no past persecution. Although present at the arrest of other Falun Gong participants, she was never arrested and her allegations of being slapped do not rise to the level of persecution. The IJ was also entitled to find that Chan failed to present sufficient evidence showing an objectively reasonable fear of future persecution based on a protected ground. While the police may have come to Chan's house looking for her around July 2001, there was insufficient evidence that they were seeking to arrest her for her participation in Falun Gong. Moreover, there was insufficient indication

**600**

that Chan would still face arrest if returned to China.

For the same reasons underlying the denial of Chan's application for asylum, Chan could not meet the higher burden for her withholding of removal claim. Finally, because Chan did not raise the IJ's denial of CAT relief on appeal to the BIA, we lack jurisdiction to review that claim. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For these reasons, the petition for review is DENIED. Our review having been completed, the pending motion for a stay of removal in this petition is DENIED as moot.